STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ADRIAN LUCERO, Defendant-Appellant.
No. 28355
Intermediate Court of Appeals of Hawaii.
July 17, 2008.
On the briefs:
James S. Tabe, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY, and NAKAMURA, JJ.
Defendant-Appellant Adrian Lucero (Lucero) appeals from the December 11, 2006, Judgment entered by the Circuit Court of the First Circuit (circuit court).[1] A jury found Lucero guilty of third degree assault, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (1993).[2] The circuit court sentenced Lucero to one year of imprisonment.
On appeal, Lucero argues that there was insufficient evidence to prove he acted intentionally, knowingly, or recklessly when he injured the complainant, Michael Burtis (Burtis). We disagree and affirm the circuit court's Judgment.

I.
When viewed in the light most favorable to the prosecution, State v. Fields, 115 Hawai`i 503, 511-12, 168 P.3d 955, 963-64 (2007), the trial evidence was as follows: Burtis, his wife Tanya, and their three children were at the Salt Lake Stadium Mall. While Tanya was moving the family's mini-van from an adjacent parking lot, Lucero drove his truck in front of the mini-van, blocking Tanya's exit. Lucero asked Tanya to speak with him, but Tanya refused. Burtis intervened and spoke to Lucero while standing behind Lucero's truck. As Burtis told Lucero to move his truck and leave, Lucero turned and made eye contact with Burtis. Lucero then put his truck in reverse and suddenly jerked the truck backwards, striking Burtis in the knee. The truck jerked backwards again, causing Burtis to grasp the truck's tailgate and flip into the bed of the truck.
With Burtis in the truck bed, Lucero took off at a high rate of speed and maneuvered as though he wanted "someone to fly out of [his] truck." Tanya and the children yelled at Lucero to stop, screamed that Burtis was still in the truck bed, and blocked the parking lot's exit with the mini-van. Lucero exited the parking lot by driving over a six-inch curb, causing Burtis to bounce up high in the air and land on his right side. The impact fractured two of Burtis's ribs.

II.
Lucero does not dispute that he caused Burtis's fractured ribs. Lucero only contends that the evidence to establish his culpable mental state was insufficient, in that the evidence failed to show that he acted recklessly with respect to the result of his conduct. In other words, he claims that the prosecution failed to adduce substantial evidence that he recklessly caused Burtis's rib injuries.
HRS § 702-206(3) (1993) provides in pertinent part:
(3) "Recklessly."
. . . .
(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.
(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.
We reject Lucero's argument that there was insufficient evidence that he acted recklessly with respect to the result of his conduct. There was substantial evidence that Lucero consciously disregarded a substantial and unjustifiable risk that his conduct in driving over the curb would cause bodily injury to Burt is.
Lucero's contention that the evidence was insufficient is largely based on his version of what happened. However, the jury was free to reject Lucero's testimony and credit the ample contrary evidence establishing his guilt. See State v. Bui, 104 Hawai`i 462, 467, 92 P.3d 471, 476 (2004).

III.
The December 11, 2006, Judgment of the circuit court is affirmed.
NOTES
[1] The Honorable Steven S. Alm presided.
[2] HRS § 707-712 provides, in relevant part, as follows:

§ 707-712 Assault in the third degree. (1) A person commits the offense of assault in the third degree if the person:
(a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]